IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DANIEL R. MANGIAMELI, ) | |
| ) | |
| Petitioner, ) | 8:15CV283 |
| ) | |
| V. ) | |
| ) | |
| MARIO PEART, ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| Respondent. ) | |
| ) | |

This matter is before the court on Respondent's Motion for Summary Judgment. (Filing No. 5.) Respondent argues that Petitioner's Petition for Writ of Habeas Corpus ("petition") (Filing No. 1) should be dismissed because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d). The court agrees and will dismiss the petition with prejudice.

## I. BACKGROUND

On February 4, 2013, Petitioner was sentenced to 195 to 310 years imprisonment for multiple sexual assault charges. (Filing Nos. 4-2, 4-3, 4-4, and 4-5.) Petitioner did not file a direct appeal. (Filing No. 4-6 at CM/ECF pp. 1-2.)

Petitioner filed a motion for post-conviction relief on March 4, 2014. (Filing No. 4-1.) The post-conviction motion was denied on September 23, 2014. (Filing No. 4-6 at CM/ECF p. 7.) Petitioner did not appeal the order denying his request for post-conviction relief. (Filing No. 4.)

Petitioner filed his Petition for Writ of Habeas Corpus on July 27, 2015. (Filing No. 1.)

On March 30, 2016, Petitioner filed a "Motion to Cancel Proceedings," essentially requesting that the court dismiss his habeas petition without prejudice. (Filing No. 14.) Respondent objected, arguing that Respondent was entitled to a dismissal with prejudice because Petitioner's claims are time-barred. (Filing No. 15.) On or about April 11, 2016, Petitioner responded to Respondent's objection, asserting that he would "try" to respond to Respondent's Motion for Summary Judgment. (Filing No. 16.) On April 14, 2016, the court denied Petitioner's Motion to Cancel Proceedings and, in doing so, gave Petitioner until May 16, 2016 to respond to Respondent's Motion for Summary Judgment. (Filing No. 17.)

On May 16, 2016, Petitioner filed a response to the summary judgment motion. (Filing No. 18.) The response consisted of two parts, which were sent in individual mailings. The response stated, in part, that "[i]t will be in my Part 3 that I hope to express what you may want. I might be late, but I will have something. I'm in the process of doing so. But if [I] can't then Part 1 and Part 2 is all I have." (Filing No. 18 at CM/ECF p. 1.) The response further stated that he would send Part 3 within ten days. (Filing No. 18 at CM/ECF p. 12.) To date, the court has not received any further correspondence from Petitioner.

On May 19, 2016, Respondent notified the court that it would not file a reply to Petitioner's response to the summary judgment motion. (Filing No. 19.)

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates. 28 U.S.C. § 2244(d)(1). This case concerns only the first date listed in § 2244(d)(1): "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). "The statute of limitations is tolled while state post-conviction or other collateral review is

2

pending." *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012).

Here, Petitioner apparently does not dispute, and there is otherwise no doubt, that his petition for federal habeas relief is untimely. Petitioner was sentenced on February 4, 2013, and Petitioner did not file a direct appeal. Thus, Petitioner's state court judgment became final thirty-days after the sentencing order was entered. *See State v. Canaday*, 263 Neb. 566, 579-80, 641 N.W.2d 13, 24 (2002) ("In a criminal case, the trial court must pronounce sentence before a criminal conviction constitutes a final, appealable order"). Petitioner did not file a motion for post-conviction relief until March 4, 2014, at which time the limitations period was tolled. However, by the time the post-conviction motion was filed, almost the entire habeas limitations period had elapsed. The post-conviction motion was denied on September 23, 2014, and Petitioner did not appeal. (Filing No. 4-6 at CM/ECF pp. 1, 9.) Petitioner did not file his Petition for Writ of Habeas Corpus until July 27, 2015. (Filing No. 1.)

Petitioner has not explained why he should be excused from the procedural bar of the statute of limitations, and the court finds no basis for doing so. Petitioner is not entitled to equitable tolling because he has not demonstrated that he pursued his rights diligently or that some extraordinary circumstance prevented him from seeking habeas relief. *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). Moreover, Petitioner is not entitled to the protection of the miscarriage of justice exception. In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception. A habeas petitioner, who seeks to overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 324-27. Petitioner has not pointed to any new evidence indicating that he is actually innocent.

For the foregoing reasons, the court will dismiss Petitioner's petition with prejudice.

### III.  CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. [28 U.S.C. § 2253(c)(1)](#); [28 U.S.C. § 2253(c)(2)](#); [Fed. R. App. P. 22(b)(1)](#). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in [*Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000)](#).  I have applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED:

1. Petitioner's petition is dismissed with prejudice, and the court will not issue a certificate of appealability in this matter.

2. The court will enter a separate judgment in accordance with this order.

DATED this 6th day of June, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge